IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SYDNI PAIGE RUSSELL,**

    **Plaintiff,**

    v.

**MOVING PROZ LLC,**

    **Defendants.**

Case No.  2:24-cv-02449-HLT-BGS

**MEMORANDUM AND ORDER**

Plaintiff Sydni Russell hired Defendant Moving Proz LLC to transport her household belongings from Kansas to Louisiana. Her belongings were damaged or lost during the move. She brings this lawsuit seeking damages and attorneys' fees and asserts state-law contract and tort theories. Plaintiff also asserts an alternative federal claim under the Carmack Amendment. Defendant moves to dismiss the state-law claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 5. Defendant argues these claims are preempted by the Carmack Amendment. The Court grants Defendant's motion. Plaintiff's Carmack Amendment claim is the sole surviving claim.

**I.      BACKGROUND**[1]

Plaintiff engaged Defendant to transport her household belongings from Kansas to Louisiana. Doc. 1-1 at 2. Defendant's terms and conditions associated with the packing, loading and transporting, and delivery of Plaintiff's belongings were included in written documents. *Id.* at 3, 5, 8. These documents all include "Bill of Lading" in the title. *Id.* at 18, 27, and 35. Plaintiff

---

[1] The Court draws the facts in this section the complaint. It accepts them as true for purposes of evaluating the motion to dismiss. The Court also notes that Plaintiff initially filed her complaint in Kansas state court. Defendant removed the action to this Court, invoking its federal question and pendent subject matter jurisdiction.
.

signed only one of these – the one dated the earliest. *Id.* at 6, 9, 18-42. Plaintiff refers to this document as the "Packing Contract." *Id.* at 4. Plaintiff did not sign the other two, which she refers to as the "Moving Day Contract" and the "Unloading Contract." *Id.* at 6, 8.

Defendant packed Plaintiff's belongings and loaded them onto two moving trucks. *Id.* at 1, 5. One of the trucks was in an accident and flipped while traveling through Arkansas on its way to Louisiana. *Id.* at 7. Defendant's driver was at fault. *Id.* at 7-8. During the accident, Plaintiff's belongings were "eject[ed]" from the truck and onto the road and into a roadside ditch. *Id.* at 7. The accident damaged or destroyed Plaintiff's belongings. *Id.* at 7-8. Defendant repacked a portion of the damaged or destroyed property and put it on another truck. *Id.* at 8-9. Some of Plaintiff's belongings were abandoned on the roadway and in the ditch. *Id.* at 8. Defendant didn't tell Plaintiff that it had left some of her belongings behind. *Id.*

When Defendant arrived in Louisiana with only some of Plaintiff's belongings, Plaintiff refused to execute the Unloading Contract. *Id.* at 9. Defendant's movers told Plaintiff that her move had been mishandled. *Id.* at 9-10. They complained of deficient scheduling, deficient staffing, and deficient breaks. *Id.*

## II.   LEGAL STANDARD

Defendant's Rule 12(b)(6) motion is based on an argument that Plaintiff's state-law claims are preempted by federal law. Preemption is an affirmative defense for which the burden of persuasion is ultimately Defendant's.[2] *Coplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1342 n.2 (10th

---

[2] The idea behind a preemption defense is that valid federal law trumps state law when the two are incompatible. Federal law is the "supreme Law of the Land[.]" U.S. Const. Art. VI, Cl. 2. So, if a preempted state law is the legal basis for a plaintiff's claim, the claim is not one upon which relief can be granted. *Emerson v. Kan. City S. Ry. Co.*, 503 F.3d 1126, 1128-29 (10th Cir. 2007) (preempted state law is without effect). Preemption can be either "express" or "implied." *Id.* at 1129. Express preemption exists when a federal statute itself says conflicting state laws are invalid. Implied preemption exists when either (1) a state law comes into direct conflict with the federal statute making it impossible for one to comply with both or (2) state law creates an obstacle to the achievement of the federal statute's objectives. *Id.*

Case 2:24-cv-02449-HLT-BGS   Document 18   Filed 12/02/24   Page 3 of 9

Cir. 2015) (Gorsuch, J.). Defendant can only prevail on this defense on a Rule 12(b)(6) motion if, taking the allegations in Plaintiff's complaint as true, each of the defense's elements is met. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). Plaintiff must have "admit[ed] all the ingredients of an impenetrable defense" and essentially pleaded herself out of court. *Id.* (quotation marks and citation omitted). The Court assumes the truth of the complaint's well-pleaded and non-conclusory factual allegations and construes them in Plaintiff's favor when determining whether Defendant is entitled to judgment as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### III.  ANALYSIS

Defendant argues that the Carmack Amendment preempts Plaintiff's state-law claims and her request for attorneys' fees. Plaintiff responds that Defendant has failed to satisfy its burden to show that the Carmack Amendment is applicable and therefore dismissal under 12(b)(6) is improper. The Court finds that the Carmack Amendment preempts Plaintiff's substantive state-law claims and dismisses them. The Court also dismisses Plaintiff's request for attorneys' fees because Plaintiff's complaint does not identify a valid basis for their recovery.

Specifically, the Carmack Amendment was enacted in 1906. It amended the Interstate Commerce Act and codified an interstate carrier's liability for goods lost or damaged in interstate transit. *Shemes v. U.S. Moving Serv. LLC*, 2023 WL 6390524, at *4 (D. Kan. 2023). The Carmack Amendment has broad preemptive effect and is generally viewed as the exclusive avenue of recovery for loss or damage to property shipped interstate. *Id.* The amendment preempts common-law contract and tort claims between a carrier and a shipper seeking recovery for that loss or damage. *Id.* The same goes for state statutory claims. If the cause of action is directed at either recovering or supplementing recovery for loss or damage to property a carrier transported in

interstate commerce, it's probably preempted. *See, e.g.*, *id.* at *6 (finding that state consumer protection claim could not provide an "alternative path to recover for the same losses already covered by the Carmack Amendment" and citing cases).

But the amendment's preemptive effect is not boundless. The part of the amendment relevant to this case only applies to "carriers" and sets liability for loss or damage to the property transported. The amendment does not preempt claims against every conceivable entity that might have a hand in an interstate shipment of goods. *See* 49 U.S.C. §§ 13102(2), 14706(a)(1), 14706(f). (limiting liability for damage to household goods to carriers but not brokers). Nor does it preempt every conceivable state-law claim that might arise in connection with a move. *See generally Sec. USA Servs., Inc. v. United Parcel Serv., Inc.*, 371 F. Supp. 3d 966, 971-72 (D.N.M. 2019) (discussing the availability of state-law remedies against carriers for damages separate and distinct from transported property's loss or damage); *see also A.T. Clayton & Co., Inc. v. Missouri-Kansas-Texas. R.R. Co.*, 901 F.2d 833, 835 (10th Cir. 1990) (no preemption of state attorneys' fees statute because the statute was "incidental" to the Carmack Amendment and did not "substantively enlarge" the carrier's responsibility). For the Carmack Amendment to preempt Plaintiff's state-law claims: (1) Defendant must have been operating as a carrier in connection with the move, and (2) Plaintiff's alleged losses need to be tied to property Defendant transported and allegedly damaged in the move.

**Defendant was Operating as a Carrier.** Assuming the truth of the complaint's allegations, Defendant was a carrier. A carrier is defined under the Carmack Amendment as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). A motor carrier, in turn, is "a person providing motor vehicle transportation for compensation." *Id.* § 13102(14). The critical question is "whether [an entity] has legally bound itself to transport goods by accepting

responsibility for ensuring the delivery of the goods. <u>If an entity accepts responsibility for ensuring the delivery of goods, then that entity qualifies as a carrier regardless of whether it conducted the physical transportation.</u>" *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 F. App'x 284, 287 (3d Cir. 2019) (footnote omitted) (emphasis added).

Plaintiff's complaint makes clear that Defendant falls within this definition. Plaintiff alleges:

- Defendant charged her for the move;
- Defendant packed up her household belongings;
- Defendant "undertook to transport" her belongings;
- Defendant operated the moving trucks containing her belongings (and was "grossly negligent" in operating one of them);
- Defendant repacked her belongings and put them onto a separate truck after the first truck flipped;
- Defendant abandoned some of her belongings when it did the repacking and loading; and,
- Defendant delivered a portion of her belongings to her in Louisiana.

Doc. 1-1 at 2-10. The upshot of all of this is that Defendant bound itself to transport Plaintiff's belongings for compensation.[3] This is the very thing Plaintiff's common-law contract and tort claims are premised on. Defendant was a carrier based on the allegations in the complaint.

Plaintiff resists this conclusion. She insists that the face of complaint does not clearly establish that Defendant was a carrier. Plaintiff argues in support:

---

[3] The three agreements included as an exhibit to the complaint are consistent with this outcome. These offer further support for its conclusion that Defendant undertook responsibility for packing, loading, transporting, and delivering Plaintiff's household belongings. *See generally* Doc. 1-1 at 18-42. For instance, Plaintiff acknowledged in the Packing Day Contract that her "signature . . . authorize[d] [Defendant] to provide exclusive moving services." *Id.* at 25. The claims valuation provision on the same page further indicates that Defendant was accepting some measure of responsibility for damage to Plaintiff's property it caused or property lost. *Id.*

- Some courts (including this one) have observed that it can be difficult to determine carrier-status in cases where the Carmack Amendment is in play;

- Her complaint focuses on the conduct of Defendant's "agents" or "representatives," not Defendant itself;

- The moving truck that flipped was rented;

- Her complaint never referred to Defendant as a carrier; and,

- She never agreed to Defendant's limitation of liability in either the Moving Day or Delivery Contracts.

But there are multiple problems with Plaintiff's position. First, it does not matter whether the movers were Defendant's "agents," "representatives," or employees, and it does not matter whether Defendant owned or rented the moving truck. Defendant is a carrier so long as Defendant bound itself to transport Plaintiff's belongings for compensation and accepted responsibility for their delivery. *Tryg Ins.*, 767 F. App'x. at 287; *see also Richwell Group, Inc. v. Seneca Logistics Group, LLC*, 425 F. Supp. 3d 57, 61-62 (D. Mass. 2019). That is what happened here based on the allegations in Plaintiff's complaint.

Second, proper execution of documents limiting Defendant's liability is also irrelevant to Defendant's carrier status. *Shemes*, 2023 WL 6390524, at *6. Actual execution of a bona fide bill of lading <u>might</u> bear on the magnitude of Plaintiff's eventual recovery under the Carmack Amendment. *Id.* But it doesn't affect whether Defendant was a carrier. *Id.*

Third, just because it might be difficult to determine whether a party is a carrier in some cases such that a preemption defense can't be successful in a Rule 12(b)(6) motion <u>does not</u> mean the same is true in all cases. *See, e.g.*, *id.* at *5-6 (concluding on a 12(b)(6) motion that one of the defendants was operating as a carrier in connection with the plaintiff's move where the defendant allegedly "packed [plaintiffs'] property, provided the moving van, loaded the property, transported the property to Kansas, and unloaded it"); *The Mason and Dixon Lines, Inc. v. Walters Metal*

*Fabrication, Inc.*, 2014 WL 46277715, at *3 (S.D. Ill. 2014). This is a straightforward case where Defendant's carrier status and the related preemption is apparent from the face of the complaint.

Fourth, and finally, Plaintiff's argument about the use of the word "carrier" in the complaint is not persuasive. The word "carrier" does not have magical or talismanic significance. A complaint's allegations can establish that a company was operating as a carrier under the Carmack Amendment without ever calling the company a carrier. It is not the label that matters. *See The Mason and Dixon Lines, Inc.*, 2014 WL 46277715, at *3 (citing *Lubermens Mut. Cas. Co. v. GES Exposition Servs., Inc.*, 303 F. Supp. 2d 920, 921 (N.D. Ill. 2003)). Rather, it is the substantive features of Plaintiff and Defendant's relationship in connection with the move. It is plain from the face of her complaint that Defendant, in exchange for compensation, accepted responsibility for ensuring delivery of and transporting Plaintiff's belongings. Defendant was a carrier within the meaning of the Carmack Amendment despite Plaintiff's artful pleading to avoid use of the word "carrier."

**Plaintiff's Alleged Losses are Tied to the Property.** The next question is whether Plaintiff's state-law claims seek recovery for loss or damage to the property moved. There is no disagreement between the parties that Plaintiff's substantive contract and tort-based claims seek this recovery. Nor could there be: The recovery sought is directly tied to the loss or damage to Plaintiff's belongings. The Court therefore concludes that Plaintiff's state-law contract and tort claims are preempted by the Carmack Amendment and dismisses them with prejudice. *Cf. Smith v. United Parcel Serv.*, 296 F.3d 1244, 1245-46 (11th Cir. 2002) (affirming dismissal with prejudice of state-law claims preempted by the Carmack Amendment). The only remaining claim is Plaintiff's Carmack Amendment claim.

This leaves the issue of attorneys' fees. Plaintiff's complaint does not offer a basis for the recovery of attorneys' fees. Defendant argues that the Carmack Amendment does not allows for attorneys' fees. Plaintiff does not directly respond to Defendant's argument but instead argues that the Carmack Amendment does not preempt state-law based avenues for their recovery and cites the Tenth Circuit's opinion in *A.T. Clayton & Co., Inc. v. Missouri-Kansas-Texas R.R. Co.* Plaintiff is right that the Tenth Circuit did allow the award of attorneys' fees in that case under an Oklahoma state statute that provided for them. *A.T. Clayton & Co., Inc.*, 901 F.2d at 835-36. But this case is different because Kansas law is not the same as Oklahoma law. In Kansas, fee awards are not permitted unless authorized by statute or agreed to in a contract. Oklahoma generally follows a similar rule. *See generally Hajoca Corp. v. R&R Plumbing, LLC*, 2024 WL 4681625, at *4 (N.D. Okla. 2024). But there is an important and material difference: When *A.T. Clayton* was decided Oklahoma law contained a statutory exception for fee awards in cases involving civil actions "to recover damages for the negligent or willful injury to property." 901 F.2d at 835 (quotation marks and citation omitted). Plaintiff does not direct the Court to any similar statutory basis for awarding fees in Kansas. And the Court is not aware of one. Nor does Plaintiff identify a provision in any contract she had with Defendant that provides for fees. Without a source under Kansas law, Plaintiff cannot recover her attorneys' fees on the articulated theory.

## IV. CONCLUSION

The Carmack Amendment preempts Plaintiff's state-law claims for breach of contract, implied breach of contract, and negligence (Counts 1-3). Plaintiff does not plead a cognizable basis for recovering her attorneys' fees.

THE COURT THEREFORE ORDERS that Defendant's Rule 12(b)(6) motion (Doc. 5) is GRANTED. The Court dismisses Counts 1-3 of Plaintiff's complaint (Doc. 1-1) and her request

for attorneys' fees. The Court dismisses Counts 1-3 with prejudice and dismisses the request for attorneys' fees without prejudice.

IT IS SO ORDERED.

Dated: December 2, 2024                    /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE